IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-165-BO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for COOPERATIVE BANK, Plaintiff, v. FREDERICK WILLETTS, III, *et al.*, Defendants. | ORDER |

This matter is before the Court on Defendants' Motion to Dismiss [DE 18]. A hearing was held before the undersigned on March 15, 2012, and the matter is ripe for ruling. For the reasons discussed below, Defendants' motion is denied.

## BACKGROUND

The Federal Deposit Insurance Company (FDIC or Plaintiff) filed this action as receiver for Cooperative Bank in Wilmington, North Carolina, against officers and directors of the bank for negligence, gross negligence, and breach of fiduciary duties. FDIC points specifically to several steps taken by the bank beginning in 2005 as part of an aggressive growth strategy, evidenced by rapid growth in Cooperative Bank's acquisition, development, and construction loan concentration as a percentage of total bank capital. FDIC contends that Defendants permitted a lax loan approval process, that state and federal regulators repeatedly warned Defendants about risks associated with a high concentration in speculative loans, and that Defendants continued focus on real estate lending after 2007 when they should have known that

the real estate market was slowing. FDIC seeks recovery of specific loans made by Cooperative Bank, alleging that each of these loans was high-risk and had critical deficiencies.

Defendants, consisting of six outside directors and three officers of Cooperative Bank, have moved to dismiss this action in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants offer six bases for their motion to dismiss: (1) North Carolina law provides for no cause of action for ordinary negligence against officers or directors; (2) North Carolina's business judgment rule precludes a cause of action for negligence or breach of fiduciary duty against officers and directors for informed decisions made in good faith; (3) the outside directors were permitted to rely on information provided to them such that the ordinary negligence claim against them should fail; (4) Cooperative Bank expressly eliminated director liability in its Articles of Incorporation causing the claim of ordinary negligence against the outside directors and Mr. Willetts to fail; (5) the Complaint fails to make sufficient separate factual allegations to support a cause of action for gross negligence; and (6) the tag-along breach of fiduciary duty claim should be dismissed as duplicative of the negligence claim.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead allow the court to draw the reasonable inference that the defendant is liable for alleged

2

misconduct; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

I. Ordinary Negligence against Officers and Directors

Plaintiff brings this action under § 1821(k) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). 12 U.S.C. § 1821(k). Section 1821(k) provides that a director or officer of an insured depository institution may be held personally liable for money damages in a civil action for gross negligence and any similar conduct that demonstrates a greater disregard for the duty of care as may be provided under applicable state law. FIRREA does not, therefore, prevent the FDIC from pursuing state law claims against officers and directors if the state law permits those persons to be sued for simple or ordinary negligence. *Atherton v. FDIC*, 519 U.S. 213, 227 (1997) (quoting S.Rep. No. 101-19, p. 318 (1989)). Accordingly, Defendants may be liable if their actions are deemed to be grossly negligent or greater than grossly negligent if North Carolina imposes an ordinary negligence standard on corporate officers and directors. *Id.*

Plaintiff and Defendants disagree as to whether North Carolina law applies an ordinary or gross negligence standard to the actions of officers and directors. In North Carolina, officers and directors of corporations must discharge their duties (1) in good faith; (2) with the care an ordinary prudent person in a like position would exercise under similar circumstances; and (3) in a manner he reasonably believes to be in the best interests of the corporation. N.C.Gen.Stat. §§ 55-8-42; 55-8-30. Such standard was the state of the law in North Carolina prior to the

3

enactment of the statute. *See Fulton v. Talbert*, 255 N.C. 183, 184 (1961) (discussing the Business Corporation Act, codified in 1957, which stated that officers and directors were deemed to be in a fiduciary relationship with the corporation and should discharge their duties in good faith and with the diligence of an ordinarily prudent man under similar circumstances in like positions.) North Carolina courts have held that directors of a corporation are not liable to third parties for ordinary or simple negligence. *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 572 (1998). Courts have distinguished, however, between claims of ordinary negligence by *third parties* and claims of ordinary negligence by the *corporation itself* against its directors. *See* Russell M. Robinson II, *Robinson on North Carolina Corporation Law* § 14.08 (7th ed. 2009).

While a review of the case law reveals the application of potentially differing standards, the North Carolina Supreme Court has stated that directors and managing officers of a corporation are liable for *either willful or negligent* failure to perform their duties. *North Carolina Corp. Comm. v. Harnett Cnty. Trust Co.*, 192 N.C. 246 (1926) (emphasis added); *compare FF-Milling Co. v. Sutton*, 9 N.C. App. 181, 184 (1970) (citing *Sec. Nat. Bank v. Bridgers*, 207 N.C. 91 (1934)) (directors may be held liable for gross neglect of their duties, mismanagement, fraud and deceit but not errors in judgment made in good faith) *with Anthony v. Jeffress*, 172 N.C. 378 (1916) (directors are charged with actual knowledge of the corporation's financial condition and are responsible for damages sustained by reason of their negligence, fraud, or deceit). The North Carolina Supreme Court further held that "if there is a loss of the corporations assets, caused and brought about by the negligent failure of its officers to perform their duties, the corporation, or its receiver . . . can maintain an action therefor." *North Carolina*

4

*Corp. Comm.*, 192 N.C. at 246. Accordingly, the Court finds that a cause of action for ordinary negligence against officers and directors by the corporation itself is not foreclosed by North Carolina law.

II. Business Judgment Rule

The business judgment rule serves to prevent courts from unreasonably reviewing or interfering with decisions made by duly elected and authorized representatives of a corporation. *Robinson on North Carolina Corporations*, § 14.06. "Absent proof of bad faith, conflict of interest, or disloyalty, the business decisions of officers and directors will not be second-guessed if they are 'the product of a rational process,' and the officers and directors have 'availed themselves of all material and reasonably available information' and honestly believed they were acting in the best interest of the corporation." *State v. Custard*, 2010 N.C.B.C. 6, 2010 WL 1035809 *21 (N.C. Super. March 19, 2010) (quoting *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 124 (D. Ch. 2009)). The business judgment rule is akin to a gross negligence standard. *See First Union Corp. v. SunTrust Banks, Inc.*, 2001 N.C.B.C. 09, 2001 WL 1885686 *10 (N.C. Super., August 10, 2001).

Defendants contend that Plaintiff's claims for ordinary negligence and breach of fiduciary duty must be dismissed because the business judgment rule serves to shield Defendants from liability. Because the business judgment rule presupposes the exercise of reasonable care, "North Carolina law may recognize director liability for simple negligence, to the extent that such negligence falls outside the protection of the business judgment rule." *Resolution Trust Corp. v. Bernard*, No. 94-CV-475, 1995 WL 17164886 *12 (M.D.N.C. 1995). Plaintiff has alleged that Defendants were made aware of certain risks associated with their actions and that they

Case 7:11-cv-00165-BO   Document 38   Filed 04/16/12   Page 5 of 10

continued to act in conflict with the best interests of Cooperative Bank. The Court does not know at this early stage of the proceedings "what evidence will ultimately be presented to support the simple negligence claim, and, consequently, the [C]ourt is unable to determine [at this time] whether the business judgment rule will foreclose liability for simple negligence." *Id.*; *see also Swenson v. Thibaut*, 29 N.C.App. 77, 107 (1978) (holding that "where the business judgment question is presented to a court as a ground for dismissal, the sole issue for determination is whether the decision was made in good faith" and relying on evidence beyond the pleadings to make such determination).

Accordingly, because sufficient facts of ordinary negligence have been pled, and only with further factual development will the Court be in a position to determine whether the business judgment rule would apply to shield Defendants' liability, dismissal of Plaintiff's ordinary negligence claim is inappropriate at this time.

III. Outside Director Reliance

North Carolina General Statute 55-8-30(b) provides that a director of a corporation is entitled to rely on information provided by certain individuals, including legal counsel and officers of the corporation whom the director reasonably believes to be reliable, when making decisions. This protection is not, however, absolute; it does not apply if the director has actual knowledge that makes reliance otherwise permitted unwarranted. N.C.Gen.Stat. § 55-8-30(c). As noted above, at this early stage of the proceedings, the Court has insufficient evidence before it to determine whether the outside directors reasonably relied on information provided to them or whether they had actual knowledge that would have made such reliance unwarranted. Plaintiff has sufficiently pled allegations of ordinary negligence on the part of the outside directors, and it

6

remains to be seen whether the outside directors have a defense under N.C. Gen. Stat. § 55-8-30(b). Dismissal of these claims at this time is therefore also inappropriate.

IV. Express Elimination of Liability

North Carolina General Statute 55-2-02(b)(3) provides that articles of incorporation may limit or eliminate the personal liability of a director. However, no such provision will be effective with respect to acts or commissions that the director at the time of the breach knew or believed were clearly in conflict with the best interests of the corporation. N.C.Gen.Stat. § 55-2-02(b)(3). As discussed above, Plaintiff has sufficiently pled that the outside directors and Mr. Willetts acted in conflict with the best interest of the bank, and, therefore, dismissal of these claims pursuant to the exculpatory clause without further examination of whether or not these Defendants knew or believed their actions were in conflict with the banks' best interests would be premature. *See Custard*, 2010 WL 1035809 *22 (at summary judgment stage, plaintiff must *prove* that the officers and directors have not acted in good faith in order to overcome presumption of good faith).

V. Sufficiency of the Pleadings of Gross Negligence

Section 1821(k) of the FIRREA provides that the definition of gross negligence should be grounded in state law. North Carolina courts have historically used interchangeably the terms "gross negligence" and "willful and wanton conduct." *See Yancey v. Lea*, 354 N.C. 48, 53 (2001) (quotation and citation omitted). Both the General Assembly and the Supreme Court of North Carolina have clarified the difference between the two terms, albeit outside of the corporate governance context, finding that willful and wanton conduct amounts to *more than* gross negligence. N.C.Gen.Stat § 1D-5(7); *Jones v. City of Durham*, 360 N.C. 81, 86 (2005)

7

*opinion withdrawn and superceded on other grounds by* 361 N.C. 144 (2006); *see also Snow v. Oneill*, No. 1:04-CV-681, 2006 WL 1837910 *2 (M.D.N.C. 2006) (discussing same). The Court finds such distinction instructive here. Additionally, the plain language of § 1821(k) indicates that intentional conduct constitutes a greater disregard for the duty of care than gross negligence. 12 U.S.C. § 1821(k). Plaintiff need not, therefore, show that Defendants acted intentionally or that their conduct rose to the level of "deliberate or conscious action implied in the combined terms of 'willful and wanton.'" *Jones*, 360 N.C. at 86 (citing *Foster v. Hyman*, 197 N.C. 189, 191 (1929).

Plaintiff's complaint makes sufficient allegations of gross negligence on the part of Defendants. The complaint alleges that directors were repeatedly warned about regulatory violations and were advised that loans were being made in violation of the loan policy but took no action. The complaint also alleges that many loans were approved after an inappropriate level of review and that loans were approved without critical information such as ability to repay the loan and whether the bank was properly secured. The complaint further sets out multiple deficiencies with regard to each loan at issue, including improper structuring, insufficient repayment sources, inadequate or wrongly valued securities, loan policy violations, lack of feasibility studies, overstatement of value, insufficient underwriting, and insufficient appraisal bases. The pleading requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005) (quoting *Conely v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff has complied with Rule 8 with regard to its gross negligence claims and those claims are not subject to dismissal.

8

Case 7:11-cv-00165-BO   Document 38   Filed 04/16/12   Page 8 of 10

## VI. Breach of Fiduciary Duty as Duplicative of Negligence Claim

Rule 8 also provides that a party may plead claims in the alternative or may make two or more statements of a claim either in a single count or separate ones. Fed.R.Civ.Pro. 8(d)(2). Accordingly, though the Court may have authority to do so, the Court finds no basis at this time on which to dismiss Plaintiff's breach of fiduciary duty claim as duplicative.

## VII. Summary

Section 1821(k) provides for a "floor" standard of gross negligence to impose personal liability on officers or directors. Plaintiff has alleged sufficient claims of gross negligence to withstand Defendants' motion under 12(b)(6). Section 1821(k) also provides that Plaintiff may proceed under a stricter standard, namely ordinary negligence, if provided for by state substantive law. The Court's reading of North Carolina law finds that it does not preclude a claim for ordinary negligence against directors or officers by the corporate body itself, and Plaintiff has sufficiently plead claims of ordinary negligence by Defendants. Whether such actions may be protected by the business judgment rule is a determination not appropriately made at this stage of the proceedings.

## CONCLUSION

That a plaintiff must allege plausible grounds for relief does not require a plaintiff to satisfy a probability requirement at the pleading stage. *Twombly*, 550 U.S. at 556. Though Defendants would like to foreclose this action at the outset, the Court finds that, at bottom, Plaintiff has satisfied the pleading requirements of Rule 8 and has alleged sufficient facts to nudge its claims of negligence, gross negligence, and breach of fiduciary duty across the line from conceivable to plausible. Accordingly, Defendants' Motion to Dismiss is DENIED.

SO ORDERED, this __13__ day of April, 2012.

                                          */s/ Terrence Boyle*
                                          TERRENCE W. BOYLE
                                          UNITED STATES DISTRICT JUDGE

10