IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CV-165-BO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE ) <br> CORPORATION, as Receiver for ) <br> COOPERATIVE BANK ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FREDERICK WILLETS, III, *et al.*, ) <br> ) <br> Defendants, ) <br> _____ ) | **O R D E R** |

This matter is before the undersigned upon Defendants' motion to compel. (DE-61). Plaintiff has responded to this motion (DE-64), and Defendants have filed a motion requesting a hearing. (DE-68). These motions are now ripe for adjudication.

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matters." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Rather, information is relevant and discoverable if it relates to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Plaintiff filed its Complaint on August 10, 2011, asserting claims for negligence, gross negligence and breach of fiduciary duty relating to Defendants' policy decisions and loan approvals. (DE-1). Some of the challenged decision making occurred in 2006 and 2007. *Id*. at ¶¶ 23-45.

Defendants served their first set of requests for the production of documents ("requests for production") upon Plaintiff on July 2, 2012. (DE-62, pg. 3). The parties entered into a joint agreement regarding the collection and production of electronically stored information ("ESI") on July 3, 2012. (DE-53). Pursuant to the ESI protocol, the parties negotiated search terms to locate documents responsive to Defendants' requests for production. *Id*. Documents that contained any of the relevant search terms were to be uploaded onto an online database for Defendants to review. *Id*.

During the course of discovery, Defendants have identified two potential problems with the online database: 1) the database contains many duplicate files; and 2) most of the documents in the database date back no further than 2008. (DE-62, pg. 5). In addition, Defendants assert that the e-mail in-box for Defendant Dickson Bridger is not included. *Id*. at 6. Likewise, ESI from non-party Danielle Slocum, the loan officer who processed many of the relevant loans, is not included. *Id*. Finally, Defendants state that it is unclear whether Plaintiff is taking appropriate measures to avoid the deletion or alteration of relevant ESI. *Id.*

On September 6, 2012, Defendants served their first set of interrogatories on Plaintiff. *Id*. at 5. Plaintiff responded to these interrogatories by referring Defendants to the online database stating, "the ESI searches . . . would have yielded any documents in [Plaintiff's] possession that contain any such information." (DE-61-1, pg. 26).

Plaintiff generally does not argue the relevancy of Defendants' discovery requests. Nor does Plaintiff dispute Defendants' basic premise that the online database may be incomplete. Indeed, Plaintiff concedes "some e-mails may be missing" and that it is willing to conduct an additional search. (DE-67, pg. 3). Likewise, Plaintiff states that it "will report to the Court and Defendants what it learns as a result of the additional search . . ." *Id*. Given this response, the instant motion appears to be moot, or at best premature. The parties are referred to Rule 37(a)(1) of the Federal Rules of Civil Procedure and admonished that such issues should be resolved without court intervention. *See*, Huggins v. N.C. Dept. of

2

Admin., 2012 WL 5303702, *4 (E.D.N.C. 2012)("Despite the unambiguous dictates of the Rules . . . and related local rules . . . that require attorneys to conduct discovery in a cooperative fashion, courts continue to find that "hardball discovery ... is still a problem in some cases ....")(*quoting*, Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010)).

Moreover, Defendants request a hearing on their motion to compel. Given that Plaintiff essentially concedes its position, and agrees to conduct an additional search, the undersigned fails to see the need for a hearing. Defendants assert that this matter is urgent because "this issue has been under discussion between the parties since October, 2012, [and] any further delay . . . [would] negatively affect[] the course of this lawsuit." (DE-68, pg. 2). However, this concern is alleviated by the fact that Defendants recently requested, and were granted, a six month extension of the discovery deadline in this case. (DE's 60, 65). Discovery in this matter is not scheduled to conclude until October 28, 2013, which provides sufficient time to resolve these issues. Defendants' request for a hearing (DE-68) is therefore DENIED.

Regardless, Defendants seek the production of relevant materials, and Plaintiff has lodged no valid objection to the requested discovery. Accordingly, the instant motion (DE-62) is GRANTED. Plaintiff is ORDERED to conduct a reasonable search to confirm that all relevant ESI has been provided to Defendants for review on the online database. If Plaintiff locates any additional relevant documents, it is ORDERED to produce them for Defendants. Moreover, at the conclusion of this search, Plaintiff shall provide Defendants with a declaration detailing the precise nature of this additional search. The declaration should also explain why the original search was apparently deficient. The additional search and declaration should be completed no later than June 14, 2013.

In addition, Defendants seek complete responses to their interrogatories. Defendants argue that Plaintiff's initial response referred to an online database, which Plaintiff now concedes may be incomplete. Moreover, if a party intends to produce documents in lieu of answering an interrogatory, "must respond in

3

Case 7:11-cv-00165-BO   Document 70   Filed 05/09/13   Page 3 of 4

sufficient detail to permit the interrogating party to identify readily the individual documents from which the answer may be ascertained." American Rockwool, Inc. v. Owens-Corning Fiberglass Corp., 109 F.R.D. 263, 266 (E.D.N.C. 1985). Merely, "directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery." Id. For these reasons, this request is GRANTED. Plaintiff is instructed to supplement its responses to Defendants' interrogatories no later than June 14, 2013. These additional responses should fully comply with Rule 33(d) of the Federal Rules of Civil Procedure. In its supplemental responses, Plaintiff may raise or reiterate any valid objection to the requested discovery.

Finally, the parties are admonished that if any further discovery disputes in this matter are referred to the undersigned, sanctions shall be imposed pursuant to Rule 37 of the Federal Rules of Civil Procedure. See, Biovail Corp. v. Mylan Labs., Inc., 217 F.R.D. 380, 382 (N.D.W.Va. 2003)("[t]he great operative principle of [Rule 37] is that the loser pays")(quotation omitted).

**Conclusion**

For the reasons discussed above, Defendants' motion to compel (DE-61) is GRANTED and Defendants' request for a hearing (DE-68) is DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, May 09, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE